662 F.2d 159
 Mark IUTERI, Petitioner-Appellee,
v.
Joseph A. NARDOZA, Parole Commissioner Northeast Region,
United States Parole Commission, Victor Liburdi,
Warden, New Haven Community Correction
Center, Respondents-Appellants.
 Cal. No. 277, Docket 81-2254.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 11, 1981.
Decided Oct. 19, 1981.
 
 Barry K. Stevens, Asst. U. S. Atty., New Haven, Conn., (Richard Blumenthal, U. S. Atty. for the D. of Conn., New Haven, Conn., of counsel), for respondents-appellants.
 Ira P. Grudberg, New Haven, Conn. (Karen Fox Tross, Jacobs, Jacobs & Grudberg, New Haven, Conn., of counsel), for petitioner-appellee.
 Before LUMBARD, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 This is an appeal from an order of the United States District Court for the District of Connecticut, Eginton, J., granting Mark Iuteri's motion for release on bail pending a decision on Iuteri's petition for a writ of habeas corpus. We reverse.
 
 
 1
 On July 8, 1980, in the United States District Court for the District of Hawaii, petitioner was convicted of conspiracy to commit wire fraud and interstate travel in furtherance of a scheme to defraud, aiding and abetting the use of interstate travel in furtherance of a scheme to defraud, and interstate transportation of fraudulently obtained money. Following a two-day sentencing hearing, petitioner was sentenced to consecutive terms totaling fifteen years. During the hearing, the Government introduced testimony that petitioner had a history of serious criminal behavior, including homicide, assault, fraud, kidnapping, narcotics, and extortion. Petitioner's attorney cross-examined the Government's witnesses but petitioner did not testify. However, in support of his motion for bail below, petitioner submitted affidavits to refute the testimony of the Government's witnesses.
 
 
 2
 Petitioner received his initial parole hearing in April 1981, and was given an effective parole date of July 2, 1981. When fixing this date, the hearing examiners did not have before them the incriminating biographical data submitted at the sentencing hearing. The parties disagree as to whether the probation department in Hawaii or the Special Strike Force Attorney who prosecuted the case was responsible for this oversight, but agree that the Parole Commission did not have the transcript.
 
 
 3
 Upon being informed that the Parole Commission had not considered the sentencing hearing material, the Strike Force prosecutor in Hawaii, on June 17, 1981, prepared and forwarded to the Commission a summary report of the proceedings. On July 1, 1981, Joseph A. Nardoza, Parole Commissioner, Northeast Region, voted pursuant to 28 C.F.R. § 2.28(f) to retard petitioner's parole so that the Commission could determine whether it would reconsider its initial parole decision. On July 10, 1981, the Commission voted to reconsider. A special reconsideration hearing was scheduled for August 17, 1981, but was postponed at petitioner's request.
 
 
 4
 On July 9, 1981, Iuteri filed a petition for a writ of habeas corpus. In a separate motion, he requested release on bail pending the district court's decision on the habeas corpus application. The district court reserved decision on the habeas corpus petition but granted petitioner's bail application. This appeal followed.
 
 
 5
 Petitioner's initial contention is that bail decisions are nonfinal orders and, therefore, not appealable by the Government. We disagree. There are compelling reasons to entertain appeals by the Government from orders granting bail in habeas corpus proceedings where, as here, incarceration has resulted from a conviction. Because of the conviction, the Government has a justified interest in petitioner's continued incarceration, and petitioner has the burden of showing special reasons why bail is warranted. See Ostrer v. United States, 584 F.2d 594, 599 (2d Cir. 1978).
 
 
 6
 The object of habeas corpus proceedings is freedom from incarceration. Release on bail supplies the sought-after remedy before the merits of petitioner's application are determined. If review of the grant of bail must await the district court's decision on the habeas corpus application, the review will be substantially meaningless. In determining appealability, the finality rule is given a "practical rather than a technical construction". Abney v. United States, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). Because the district court's bail order gave petitioner relief which was collateral to the underlying proceeding and not subject to meaningful review on an appeal from the habeas corpus determination, its order may be treated as final. See, Luther v. Molina, 627 F.2d 71, 73 n.1 (7th Cir. 1980).
 
 
 7
 The merits of petitioner's habeas corpus application are not before us on this appeal because the district court has twice refrained from granting the requested writ. What is before us in the district court's determination that the test set out in Ostrer v. United States, supra, 584 F.2d at 596 n.1, was met, namely, that the habeas petition raised substantial claims and that extraordinary circumstances existed that make the grant of bail necessary to make the habeas remedy effective. Petitioner claimed that the Commission improperly classified as new the information it received three days before his scheduled release, and that the automatic retardation provision of 28 C.F.R. § 2.28(f) was a denial of due process. The district court viewed both to be substantial claims with a "likelihood of success." We disagree.
 
 
 8
 While petitioner's counsel maintained that the substance of the Hawaii sentencing hearing was presented to the Parole Commission at the parole hearing, no transcript of the parole hearing is available and it is undisputed that the actual sentencing transcript and the summary report prepared by the Hawaii prosecutor had not been considered by the Commission. We therefore defer to the determination of Commissioner Nardoza that the materials constituted new information. We similarly find insubstantial petitioner's claim that the failure to provide a hearing prior to retarding his scheduled release is unconstitutional. The pertinent regulation, 28 C.F.R. § 2.28(f), conditions a petitioner's release date on the absence of new information that might warrant retarding the release. Moreover, since a hearing prior to the arrest of a parolee for alleged parole violations is not required as a matter of due process, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), a fortiori a prior hearing is not required to retard the scheduled release of someone still under confinement. We also note that 28 C.F.R. § 2.28(f) does expressly provide for a subsequent hearing to reconsider the parole in light of the new information and that such a hearing was scheduled in this case.
 
 
 9
 Iuteri contends further that his case is extraordinary because, if the habeas writ is granted, it will mean that his incarceration after July 2, 1981, would have been without basis. However, there is nothing unusual about this. Virtually all habeas corpus petitioners argue that their confinement is unlawful. Petitioner's final contention that the Parole Commission and prosecuting attorneys acted in bad faith to delay his release and thus hamper his ability to defend himself at his murder trial in Connecticut Superior Court is without support in the record.
 
 
 10
 In short, this case is totally devoid of facts which distinguish it in any way from typical habeas corpus proceedings. The district court's grant of petitioner's bail application, based on the court's finding that danger to the community could be minimized "by ordering petitioner not to make any threats or intimidating remarks to any person while released on bond" constituted an abuse of discretion.
 
 
 11
 The order granting bail is reversed. Mandate shall issue forthwith.