William H. STEPNEY, Jr.

v.

Raymond LOPES, et al.

Civ. No. H-84-306(PCD).

United States District Court, D. Connecticut.

March 29, 1984.

See also, D.C., 592 F.Supp. 1538.

**12**

James A. Wade, Sally S. King, Robinson, Robinson & Cole, Hartford, Conn., for plaintiff.

Carl Schuman, Anne Dranginis, Wallingford, Conn., for defendants.

## RULING ON MOTION FOR STAY ON EXECUTION OF SENTENCE

DORSEY, District Judge.

In this action William H. Stepney, Jr. (petitioner) seeks relief in the form of a Writ of Habeas Corpus from the sentence of the Superior Court for the State of Connecticut. 28 U.S.C. §§ 2241, *et seq.* Preliminarily petitioner moves for a stay of the execution of his sentence pending the outcome of his petition. 28 U.S.C. § 2251. For the reasons set forth herein, the motion for a stay of execution of sentence is denied.

*Facts*

Petitioner was accused by the State of Connecticut of causing the death of Barbara McKitis on May 9, 1979. He was tried in the Superior Court, to a jury, and convicted of murder, specifically of the violation of Conn.Gen.Stat. § 53a–54a. He was sentenced to incarceration for 22 years to life. He appealed his conviction but was denied. *State v. Stepney,* 191 Conn. 233, 235–36, 464 A.2d 758 (1983). He petitioned the United States Supreme Court for a petition of certiorari but was denied. —— U.S. ——, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984). Pending his petition for certiorari, the Connecticut Supreme Court stayed the execution of his sentence. He remains at liberty, on bond, as he has been since his conviction. He has not exhausted his appeal rights as there is still time for a petition for a rehearing of the petition for certiorari to the Supreme Court.

The grounds of his petition are:

A. That a trial court ruling permitting evidence as to the circumstances and petitioner's demeanor when, pre-arrest, he terminated an interview by a police officer, violated petitioner's rights under the fifth amendment.

B. That the trial court's jury instructions on the credibility of petitioner and his wife violated the petitioner's right of equal protection under the fourteenth amendment.

C. That cumulatively, A and B above constituted a violation of petitioner's right to due process.

Petitioner is 67, to be 68 within the month. He speaks without the aid of his voice box, removed due to cancer many years ago. He has had at least one heart attack and is on a medication regimen. He has had a mild stroke with slight residual effect on the right side of his face and a partial loss of sight in the right eye. He has high blood pressure.

*Claim*

This stay is sought on the basis of plaintiff's health and the substance of his claim. No claim is made that incarceration would

have an immediate, adverse effect on his health. No claim is made that the administrators of the Connecticut Correction System cannot or will not provide petitioner with the care his physical condition requires or may necessitate. Nor is any claim made that the substance of petitioner's legal claim presents any unique issues reflective of any grossly wrongful denial of his rights, but involves a claim of impropriety, on a constitutional basis, in evidentiary rulings by the trial judge.

It is to be noted that this case by agreement of the parties, is to be determined on the record of the trial in Superior Court, the transcript of which is readily available. Thus, as will be provided in this memorandum, issues can be joined and this case can be decided in a relatively short time.

*Discussion*

 Though petitioner remains at large, his status constitutes sufficient custody to permit a habeas corpus. *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). A stay, as sought by petitioner, is equivalent to the admission to bail and is within the authority of the court. *In re Shuttlesworth*, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962). Indeed this court has granted such motions. *United States ex rel. Smith v. DiBella*, 314 F.Supp. 446, 448 (D.Conn.1970); *Moynahan v. Manson*, 419 F.Supp. 1139, 1141 n. 2 (D.Conn.1976), *aff'd*, 559 F.2d 1204 (2d Cir.), *cert. denied*, 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977).

 Whether to grant the motion requires consideration of the effect of denial as opposed to the grant. A denial would subject the petitioner to execution of the sentence, i.e. incarceration. It would not bar his release if his petition is ultimately granted as merited. It does subject him to the sentence of the Superior Court which,

under principles of comity, is entitled to considerable weight. Petitioner has passed the point of presumption of his innocence. That was stricken by the verdict of the jury. His case was reviewed as to the legality of his sentence on motion to the trial court, on appeal to the Connecticut Supreme Court, and, to a limited degree,[1] on petition for certiorari. Petitioner therefore is not due the consideration of one merely accused or even one convicted but who has not exhausted his appeal rights. *Ostrer v. United States*, 584 F.2d 594 (2d Cir.1978). Any meritorious writ of habeas corpus constitutes an adjudication of the illegality of the petitioner's custodial status, presumably from its inception, and thus any successful petitioner will have been found to have been wrongfully in custody from its inception and until released on the grant of the writ. The flip side of the coin is, however, that a stay relieves a petitioner from a sentence and custody which, if the writ is not ultimately granted, would have been deemed to have been lawful from the outset. Under such circumstances, one who ultimately is found to have been lawfully subject to custody will have walked free when he should have been incarcerated. Granting stays of sentences in these habeas corpus proceedings would create the danger that every prisoner would be invited to flood the state or federal courts, successively and repeatedly ad infinitum.[2]

 Apart from this impact of a grant on the system, a grant would further constitute an affront to the state criminal prosecution system in that a grant would deny the state the right to bring to conclusion its criminal prosecutions and the judgments of its courts after a conviction has been lawfully obtained. The federal court should tread lightly before such a disruption is visited on the state.

---

1. The United States Supreme Court denial of certiorari does not constitute a review of all issues and the petition for habeas corpus does provide another avenue for appeal resulting from the federal system where the federal courts function, in part, in parallel to the state courts.

2. The court cannot conceive that the well of imagination behind the flow of petitions from penal institutions is likely to dry but is more likely to swell particularly with the incentive such as would be provided if this argument is adopted.

The decision of the court must, then, balance the justness of a grant and its effect on the administration and enforcement of the state criminal law as opposed to a denial with its attendant impact on the petitioner. There are several factors which have been articulated as proper for consideration in thus deciding:

1. Are substantial claims set forth in the petition?

2. Is there a demonstrated likelihood the petition will prevail?

3. Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted?

In short, is this case distinguishable from other habeas corpus cases? *Iuteri v. Nardoza*, 662 F.2d 159 (2d Cir.1981); *Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Eaton v. Holbrook*, 671 F.2d 670 (1st Cir.1982); *Monroe v. State Ct. of Fulton Cty.*, 560 F.Supp. 542 (N.D.Ga.1983); *Pfaff v. Wells*, 648 F.2d 689 (10th Cir.1981); *Bates v. Estelle*, 483 F.Supp. 224 (S.D.Tex. 1980).

With respect to item 1, the claims are not, on their face, without substance but they are not extraordinary in their legal weight nor in their merit on the face of the record. With respect to item 2, there is no clear suggestion that such a major deprivation of petitioner's constitutional rights occurred in the course of his trial as to create any strong likelihood that a writ will issue. As to item 3, there are significant human considerations based on petitioner's health but there are offsetting factors of considerable weight, i.e. the fact of petitioner's conviction of a major crime and his having had the full opportunity to exhaust his appeal rights in prior proceedings. Evaluation of petitioner's motion is circular, as there is a countering consideration for any ground on which a decision might be laid. Thus the court finds no extraordinary factor which dictates the circle be broken in favor of the granting of the motion. Of considerable importance to the court is the fact that the sentence will not be exhausted or even substantially served between now and when this court's decision on the merits, as the schedule set forth below will bring about an early decision on the merits. Accordingly, the motion to stay the execution of sentence is denied.

Defendants will file their answer on or before April 20, 1984.

Petitioner will file the trial court transcript, any other documentation intended to constitute the record with respect to this case, his motion for a decision on the merits and his memorandum in support of his motion, on or before April 27, 1984. Defendants will file their response to any motion within two weeks of its receipt, or not later than May 11, 1984. Petitioner may reply within one week of receipt of defendants' memorandum, but no later than May 18, 1984.

SO ORDERED.