826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Monroe Crawford PARKER, Petitioner.
 No. 87-8027
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1987.
Decided Aug. 14, 1987.
 
 Monroe Crawford Parker, petitioner pro se.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Complaining of delay in the district court's handling of his petition for a writ of habeas corpus, The Reverend Monroe C. Parker has petitioned this Court for a writ of mandamus compelling the district court to proceed with his petition and to enlarge his custody pending the disposition of that action. We deny Parker's petition.
 
 
 2
 Parker commenced two civil rights actions, pursuant to 42 U.S.C. Sec. 1983, and an application to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. Sec. 2255, which the district court found so similar in parties and claims that it consolidated the three and ordered defendants to answer within twenty days. See Parker v. Mecklenburg County Sheriff, C/A No. C-C-87-262-M (W.D.N.C. June 4, 1987); Parker v. Brewer, C/A No. C-C-87-263-M (W.D.N.C. June 4, 1987); and Parker v. Brewer, C/A No. C-C-264-M (W.D.N.C. June 4, 1987).
 
 
 3
 The defendants subsequently moved for, and were granted, an extension until August 4, 1987, for answering Parker's complaints. Parker objects broadly that the extension evinces 'a continuing pattern of denial of his speedy trial rights,' and seeks an enlargement of custody pending the disposition of the consolidated actions; he expresses no objection to the time his cases were pending prior to the order granting the extension for answering.
 
 
 4
 Writs of mandamus are extraordinary writs and the power to grant them is exercised sparingly. Kerr v. United States, 426 U.S. 394, 402-03 (1976). Parker's petition does not state any extraordinary circumstances which warrant this Court to issue the writ. He complains only of delay in the conclusion of his suits. It appears that his civil actions are merely awaiting their turn on the district court's docket; Parker shows no basis for having his cases considered out of turn. Clearly, the district court has considerable discretion in managing its civil docket in the best interests of judicial economy and fairness to the parties, including the discretion to set and enlarge time limitations for responsive pleadings. See Fed. R. Civ. P. 12(a) (defendant's answer to be served within twenty days after service unless different time prescribed by court order) and 6(b) (court may, with or without motion and notice, in its discretion enlarge times for taking action under rules of civil procedure).
 
 
 5
 Parker's application for enlargement of custody is similarly without merit. The record does not disclose that the district court has yet ruled on Parker's application; if Parker is dissatisfied with the court's ultimate decision on this issue, then his avenue of judicial review is by appeal to this Court. See Stack v. Boyle, 342 U.S. 1, 6 (1951) (bail ruling appealable under collateral order doctrine); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981) (same); see also Fed. R. App. P. 23(b). We do not condone the use of mandamus as a substitute for the normal appellate processes. In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir. 1977).
 
 
 6
 Accordingly, although leave to proceed in forma pauperis is granted, the petition for a writ of mandamus is denied and this action is dismissed.
 
 
 7
 DISMISSED.