**William C. RADO**

v.

**Larry R. MEACHUM, Commissioner of Correction.**

**Civ. No. N–88–479 (PCD).**

United States District Court, D. Connecticut.

Nov. 18, 1988.

Timothy C. Moynahan, Moynahan, Ruskin, Mascolo, Mariani & Minnella, Waterbury, Conn., for plaintiff.

Dominic Galluzzo, Christopher Malaney, Chief State's Atty. Office, Wallingford, Conn., for defendant.

## RULING ON MOTION FOR STAY OF STATE SENTENCE

DORSEY, District Judge.

Mr. Rado petitions for a writ of habeas corpus seeking collateral review of his conviction on three counts of bribe receiving in the Superior Court of the State of Connecticut. 28 U.S.C. § 2241, *et seq.* He now moves for a stay of execution of his sentence pending resolution of his petition. 28 U.S.C. § 2251.

*Facts*

Petitioner was sentenced to concurrent two year sentences plus a $3000 fine. His appeal to the Connecticut Appellate Court was denied. *State v. Rado,* 14 Conn.App. 322, 541 A.2d 124 (1988). His motion for reargument in the Appellate Court and his petition for certification by the Connecticut Supreme Court were denied. *State v. Rado,* 208 Conn. 813, 546 A.2d 282 (1988). His petition to the United States Supreme Court for certiorari was denied. *Rado v. Connecticut,* —— U.S. ——, 109 S.Ct. 311, —— L.Ed.2d —— (1988). Pending his petition for certiorari, the Connecticut Appellate Court stayed the execution of his sentence.

Petitioner here asserts two claims. First he challenges the Connecticut one-man grand jury system, Conn.Gen.Stat. § 54–47a, on separation of powers and due process grounds. He also challenges the trial court's refusal to grant him access to the grand jury transcripts as violative of his rights to due process, confrontation, and effective assistance of counsel.

In support of his motion for stay, petitioner asserts that he will suffer irreparable injury if he serves any part of his sentence prior to a ruling on this federal habeas petition. In addition, he asserts that he poses no threat to public safety or risk of flight.

*Discussion*

■ A federal court has the inherent power to release a state prisoner on bail pending resolution of his habeas petition. *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir. 1972); *Iuteri v. Nardoza,* 662 F.2d 159 (2d Cir.1981). However, principles of comity and federalism counsel that this power be exercised sparingly. *Rado v. Manson,* 435 F.Supp. 349, 350 (D.Conn.1977).

Before and during trial, the accused enjoys a presumption of innocence and bail is normally granted. *Glynn,* 470 F.2d at 98. However, petitioner has passed the point of presumption of innocence. *Stepney v. Lopes,* 597 F.Supp. 11, 13 (D.Conn.1984). He has been convicted by a jury and had the legality of his sentence reviewed on appeal to the Connecticut Appellate Court and on petition for certiorari. The state has a significant interest in bringing some degree of finality to its criminal prosecutions and the judgments of its courts after conviction. *Id.* Thus, the federal court should tread lightly before interfering with the state's substantial interest in executing its judgment. *Id.; Glynn,* 470 F.2d at 98.

■ A stay of execution must balance the effect on the administration of state criminal law against the impact on the petitioner:

1. Are substantial claims set forth in the petition?

2. Is there a demonstrated likelihood the petition will prevail?

3. Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted?

In short, is this case distinguishable from other habeas corpus cases?

*Stepney,* 597 F.Supp. at 14 (citations omitted).

■ Petitioner here has not shown extraordinary circumstances which warrant staying execution of his sentence. While petitioner's claims have substance on their face, there is no showing of a clear deprivation of constitutional rights nor a strong likelihood a writ will issue. In addition, petitioner can show no extraordinary circumstances other than incarceration pending the resolution of his petition. Commencement or continuation of incarceration pending resolution of a habeas petition enforces an apparently valid judgment. A petition for a writ of habeas corpus raises no automatic invalidity of the judgment attacked. Thus, ordinarily such a petitioner remains subject to incarceration. Otherwise one incarcerated could avoid the sentence indefinitely simply by filing repeated petitions for habeas corpus. *Id.* at 13. One subject to criminal penalties is adequately protected if the extraordinary circumsances discussed above are shown. Absent same, the petitioner's interest in avoiding the sentence must yield to the state's right to a presumption of the validity of the judgments of its courts. Of course, the court to which the petition is directed is obliged to act thereon expeditiously to minimize the petitioner's exposure to a penalty to which he may, ultimately, be found not properly to be subject if his petition is granted. In the meantime, however, petitioner's motion for stay of execution is denied.

SO ORDERED.