**Malcolm RICHARD, Petitioner,**

v.

**Robert ABRAMS, Attorney General of the State of New York, and Robert M. Morgenthau, District Attorney of New York County, Respondents.**

**No. 90 Civ. 1131 (RPP).**

United States District Court,
S.D. New York.

March 6, 1990.

See also 548 N.Y.S.2d 659, and 132 A.D.2d 449, 523 N.Y.S.2d 142.

---

Robert M. Morgenthau, Dist. Atty., New York County, New York City, pro se.

Robert Abrams, Atty. Gen., New York State Dept. of Law, New York City, pro se.

John Moscow and Marc Frazier Scholl, Asst. Dist. Attys., and Marion Buchbinder, Asst. Atty. Gen., New York City, for respondents.

Christine E. Yaris, New York City, for petitioner.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an application for bail pending determination of a petition for habeas corpus.

Petitioner Malcolm Richard was convicted after a jury trial in the Supreme Court of the State of New York of grand larceny in the second degree and falsifying business records in the second degree. The sentence is concurrent prison terms of one to three years and restitution in the amount of $810,202.29.

After the jury verdict, petitioner filed motions pursuant to New York Criminal Procedure Law §§ 330.30, 330.40 to set aside the verdict and pursuant to § 440.10 to vacate the conviction. In those motions, petitioner presented the argument that the prosecution had knowingly withheld potentially exculpatory evidence in violation of the constitutional principles in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Petitioner also bases this application for bail and his petition for habeas corpus on the merits of this *Brady* claim.[1]

The § 330 motion was denied without an opinion. Justice John A.K. Bradley issued an opinion on the § 440 motion on June 28, 1988, stating:

> An examination of the motion papers and the record reveals that the evidence was provided to the defense in sufficient time

---

1. Petitioner also may have other arguments to present in favor of its habeas corpus petition, but has chosen not to present them at this time.

for the defense to present it effectively to the jury for its consideration during trial.

Pet. Ex. C. Justice Bradley then denied the § 440 motion in its entirety "except with respect to the exploration of issues surrounding the 15 cent Lincoln stamp exhibit as to which a hearing must be held." Pet. Ex. C. Justice Bradley then issued a second § 440 opinion on August 16, 1988 following the hearing. The opinion upholds the jury's verdict and finds that no "misconduct" occurred in relation to the 15 cent Lincoln stamp. Pet. Ex. D. According to petitioner, the second opinion and the hearing did not focus on the *Brady* implications of the 15 cent stamp, but dealt with issues of "misconduct on the People's part." Pet. Ex. D. On a consolidated appeal, the Appellate Division affirmed the two § 440 opinions and the denial of § 330 relief. On January 31, 1990 the Court of Appeals denied leave to appeal.

On February 20, 1990, this petition was filed along with an Order to Show Cause why petitioner should not be released on bail pending the disposition of the petition. Petitioner also requested that the Court order the suspension of his sentence which was scheduled to begin on February 21, 1990. The Court signed the Order to Show Cause, but refused to order the suspension of the execution of the sentence in an ex parte proceeding. In the morning of February 21, 1990, petitioner was incarcerated and that afternoon attorneys for all parties appeared before the Court. Oral argument was held on February 21, 1990 and the motion was then adjourned to provide respondents time to file opposing papers. Memoranda accompanied by exhibits were submitted and argument was held on March 2, 1990.

Defendant concedes that the Court has the power to grant a state prisoner's bail application pending the determination of a habeas corpus petition. Caselaw in this circuit provides a standard with which to determine such a bail application. In *Iuteri v. Nardoza*, 662 F.2d 159 (2d Cir.1981), the Second Circuit implicitly adopted the test set forth in *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2nd Cir.1978):

[A] habeas petitioner should be granted bail only in 'unusual cases.' *Argro v. United States*, 505 F.2d 1374, 1377–78 (2d Cir.1974), or when 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective,' *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974), cited in *Galante v. Warden, Metropolitan Correctional Center*, 573 F.2d 707 (2d Cir.1977).

More recently, Judge Dorsey applied that test through a three factor assessment:

1. Are substantial claims set forth in the petition?

2. Is there a demonstrated likelihood the petition will prevail?

3. Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted?

In short, is this case distinguishable from other habeas corpus cases?

*Rado v. Meachum*, 699 F.Supp. 25, 26–27 (D.Conn.1988) (citing *Stepney v. Lopes*, 597 F.Supp. 11, 14 (D.Conn.1984)). The Court is also guided by Judge Blumenfeld's factors: (1) "an exceptionally strong candidate for bail" and (2) claims of a "substantial nature upon which the petitioner has a high probability of success." *Rado v. Manson*, 435 F.Supp. 349, 350–51 (D.Conn. 1977).

An essential factor in all those cases is the necessity that the petition present merits that are more than slightly in petitioner's favor. While a *Brady* violation is a serious constitutional matter, this does not appear to be a case in which victory for petitioner can be predicted with confidence. Defendant argues that Justice Bradley's *Brady* finding in the June 28, 1988 opinion is a finding of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *See Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). That position is supported by the Fifth Circuit's review of a petition for habeas corpus based on an alleged *Brady* violation in *Porretto v. Stalder*, 834 F.2d 461, 464

(5th Cir.1987). The state court in *Porretto* had made a post-verdict finding that the non-disclosure of *Brady* material did not hamper the effectiveness of the defense's case and did not affect the verdict. A similar post-verdict finding was made by Judge Bradley in this case. The Fifth Circuit held that the state court's post-verdict finding was entitled to a presumption of correctness when determining whether a *Brady* violation had occurred on habeas corpus review. Petitioner has not presented authority or record cites which dictate that the significant findings of Justice Bradley should not be accorded the same presumption.

 The Court recognizes that petitioner may well be able to overcome Justice Bradley's June 28, 1988 finding by utilizing the "massive amount of evidence," Pet.Br. at 16 (March 1, 1990), which he claims came out at the § 440 hearing on prosecutorial misconduct. In determining whether the merits of this case meet the high standard for granting bail to a habeas corpus petitioner, the Court has not had the opportunity to digest entirely the several thousand page record supplied by the parties. Thorough review of the record and possibly a hearing are necessary to determine whether Justice Bradley's decisions were correct. The merits of this petition will ultimately be determined by a delicate balancing of the evidence in light of the principles of both habeas corpus review and *Brady*. At this point, however, this is not an exceptional case in which the Court can determine that there is a "demonstrated likelihood" or a "high probability" of success. Accordingly, the application for bail is denied.

IT IS SO ORDERED.