**Jim ST. JOHN, Curtis Rene Peterson and Cinema Blue of Charlotte, Inc., Petitioners,**

v.

**STATE of NORTH CAROLINA, Lacy Thornburg, the Attorney General of the State of North Carolina and the Superior Court of Mecklenburg County, State of North Carolina, Respondents.**

**No. C–C–90–0286–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 1, 1990.

Nelson Casstevens, Casstevens Hanner Gunter & Gordon, Harold Bender, Charlotte, N.C. Lee J. Klein, Bradley J. Shafer, Klein & Shafer, P.C., Okemos, Mich., for petitioners.

Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C., for respondents.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Petitioner's motion, filed September 26, 1990, for stay of execution of state sentence pending resolution by this Court of the Petition for Writ of Habeas Corpus.

The record in this matter indicates a Petition for Writ of Habeas Corpus was filed by Petitioners on August 31, 1990. The Petition indicates that Petitioners were tried and convicted by a jury in Mecklenburg Superior Court on various charges of dissemination of obscenity. On February 24, 1990, Petitioners St. John and Peterson were each sentenced to six (6) year terms of imprisonment. The trial court judge permitted Petitioners to remain free on bond pending appeal.

On June 5, 1990, the North Carolina Court of Appeals affirmed both judgments and sentences. The North Carolina Supreme Court, on July 26, 1990, denied Petitioners' Petition for Discretionary Review. The court also dissolved a temporary stay of execution that had previously been issued. Petitioners' motions for reconsideration of the North Carolina Supreme Court decision and for stay pending the filing and consideration of a petition for writ of certiorari to the United States Supreme Court were denied by order of the North Carolina Supreme Court on August 20, 1990.

The petition for writ of habeas corpus filed on August 30, 1990 claims that when incarcerated, Petitioners will be unlawfully imprisoned and restrained of their liberty in violation of their federal constitutional rights, including their rights under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Petitioners contend based on seven (7) grounds that Respondents failed to provide Petitioners with a constitutionally sound trial.

Because the North Carolina Supreme Court has refused to stay the execution of

sentence, Petitioners contend that their arrest is imminent. Petitioners state in the motion presently before the Court that their counsel learned on September 25, 1990 that a Writ of Mittimus had issued from the Mecklenburg County Superior Court authorizing the immediate arrest and imprisonment of Petitioners. Petitioners further state that police authorities are making arrangements to travel from North Carolina to Michigan where Petitioners reside. Apparently, however, the investigator in charge of this matter has agreed to delay the arrest until after this Court rules on Petitioners' motion.

In their motion to stay the execution of sentence, Petitioners rely on 28 U.S.C. § 2251. That statute provides:

A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.

The language of the statute does not set forth the relevant standard that a judge or justice is to use in deciding whether a motion to stay brought pursuant to 28 U.S.C. § 2251 is meritorious. *See Bundy v.*

*Wainwright,* 808 F.2d 1410, 1421 (11th Cir. 1987) (language does not establish criteria for a court to use in considering whether it will grant a stay of execution).

▮ The District Courts in Connecticut and the Southern District of New York have utilized a three-part test to determine whether a stay in the execution of a sentence is meritorious pending the final disposition of a habeas action.[1] That test requires that the court examine the following criteria:

(1) Are substantial claims set forth in the petition?

(2) Is there a demonstrated likelihood the petition will prevail?

(3) Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective?

*Richard v. Abrams,* 732 F.Supp. 24, 25 (S.D.N.Y.1990); *see also Rado v. Meachum,* 699 F.Supp. 25, 26–27 (D.Conn.1988); *Stepney v. Lopes,* 597 F.Supp. 11, 14 (D.Conn.1984). These courts summarize the test by asking, "[I]n short, is this case distinguishable from other habeas corpus cases?" *Richard,* 732 F.Supp. at 25.

▮ In applying the relevant criteria, a court must keep in mind that the petitioner in seeking a stay of execution pending the final disposition of a habeas action does not enjoy a presumption of innocence. *Rado,* 699 F.Supp. at 26. Once a petitioner has been convicted and has exhausted his state appeals, the point of the presumption of innocence has passed. *Stepney,* 597 F.Supp. at 13. Release on bail in such a

---

1. The Fifth and Eleventh Circuits have adopted a similar test utilizing essentially the same criteria as the District Courts in Connecticut and New York. In deciding whether a motion to stay the execution of a sentence will be granted, courts in the Fifth and Eleventh Circuits must consider:

(1) Whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted;
(2) Whether the stay would substantially harm other parties; and
(3) Whether granting the stay would serve the public interest.

*Bundy,* 808 F.2d at 1421; *see also Brogdon v. Butler,* 824 F.2d 338 (5th Cir.1987); *Celestine v. Butler,* 823 F.2d 74 (5th Cir.1987); *O'Bryan v.*

*Estelle,* 691 F.2d 706 (5th Cir.1982); *Ritter v. Thigpen,* 668 F.Supp. 1490 (S.D.Ala.1987).

The Court is unaware of a Fourth Circuit case addressing the issue of the applicable standard to be used by a court when applying 28 U.S.C. § 2251. The Fifth and Eleventh Circuit cases involve the stays of death sentences whereas the Connecticut and New York District Court cases involve the stays of non-capital cases. Even though the Court believes that both tests are similar, the test developed by the Connecticut and New York Districts court is more analogous to the factual situation in this case than the other test. Therefore, the Court adopts the test utilized by the District courts in Connecticut and the Southern District of New York.

situation is not normal. *Rado,* 699 F.Supp. at 26. At least one court has held that a petitioner must demonstrate extraordinary circumstances to justify a stay in the execution of a sentence. *Id.*

The state has a significant interest in bringing some degree of finality to its criminal prosecutions and the judgments of its courts after conviction. *Id.* Because an order by a federal court staying the execution of a sentence imposed by a state court interferes substantially with the state's interest, the federal court should "tread lightly before interfering". *Id.*

In this case, the Court believes Petitioners have failed to demonstrate that this matter is "distinguishable from other habeas corpus cases." The only reason cited in support of the motion is that incarceration at this time would serve no legitimate purpose because the state convictions were obtained in violation of Petitioners' federal constitutional rights. It can hardly be said that this reason supports the proposition that this case is distinguishable from other habeas corpus cases. To the contrary, every habeas action that is filed in this Court necessarily alleges that the petitioner's federal constitutional rights were violated.

Despite Petitioners' failure to address the criteria that the Court must examine when deciding if the execution of a sentence should be stayed, the Court has considered the applicable test.

First, the Court believes that the claims set forth in the motion are substantial, but are in no means extraordinary. *See Stepney,* 597 F.Supp. at 14.

Second, the Court's review of the Petition for Habeas Corpus leads it to conclude that no *obvious* constitutional errors were committed by the state trial court.[2] "[A]n essential factor in all those cases is the necessity that the petition present merits that are more than slightly in petitioner's favor." *See Richard,* 732 F.Supp. at 25.

Third, Petitioners can show no extraordinary circumstances other than incarceration pending the resolution of the Petition. *See Rado,* 699 F.Supp. at 27. The petition for a writ of habeas corpus does not automatically invalidate the judgment. Thus, petitioners ordinarily will be subject to incarceration. Absent a compelling reason such as the petitioner being subjected to the implementation of a death sentence, the petitioner's interest in avoiding the execution of sentence must yield to the state's right to a presumption of the validity of the judgments of its courts. *Id.*

Based on the Court's examination of the criteria, the Court believes Petitioners have failed to satisfy the test requirements applicable for a motion to stay the execution of sentence. Accordingly, the Court will deny Petitioners' motion.

NOW, THEREFORE, IT IS ORDERED that Petitioners' motion for stay of execution of state sentence pending resolution by this Court of the Petition for Writ of Habeas Corpus be, and hereby is, DENIED.

---

2. The Court at this time is in no way judging this matter on the merits. Instead, the Court merely believes that the likelihood of Petitioners prevailing are not clear at this point in time. A failure by Petitioners to show a "clear deprivation of constitutional rights or a strong likelihood (that) a writ will issue" demonstrates that the second criteria in the test has not been met. *See Rado,* 699 F.Supp. at 27.