**Carl Richard JOHNSON, Petitioner,**

v.

**Mike NELSON, et al., Respondents.**

No. 92–3315–DES.

United States District Court, D. Kansas.

Feb. 22, 1995.

Jeannine D. Herron, Topeka, KS, Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for petitioner.

JaLynn M. Copp, Office of Atty. Gen., Topeka, KS, for respondents.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on petitioner's MOTION FOR RELEASE ON BOND TO SEEK MEDICAL TREATMENT (Doc. 62), and respondents' response thereto (Doc. 64).

Petitioner is currently incarcerated in El Dorado Correctional Facility in El Dorado, Kansas. Petitioner seeks his release to his parents' home in Olathe, Kansas, for the sole purpose of receiving medical care for his progressive cancer. Petitioner claims his condition is terminal and that he has a life expectancy of "months." He indicates he is confined in the EDCF infirmary, and is periodically transferred to St. Joseph's Hospital in Wichita, Kansas where he receives chemotherapy and radiation treatment. He further indicates his parents have arranged for his treatment at the University of Kansas Medical Center in Kansas City, Kansas.

Respondents do not challenge petitioner's characterization of his illness or the medical treatment being provided. Respondents point to the serious nature of petitioner's

---

convictions [1] and argue that petitioner has not raised in his petition for writ of habeas corpus a substantial constitutional claim on which he has a high probability of success. Respondents further argue that petitioner has no right or reason to expect medical treatment of his choice.

It is recognized that a federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus.[2] *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir.1981) *See Landano v. Rafferty*, 970 F.2d 1230 (3rd Cir.1991) *cert. denied*, —— U.S. ——, 113 S.Ct. 412, 121 L.Ed.2d 336 (1992) (precedent identified for federal court's authority to grant bail to state prisoner prior to ruling on the prisoner's habeas corpus petition); *Marino v. Vasquez*, 812 F.2d 499 (9th Cir.1987) (recognition by courts that Rule 23 of the Federal Rules of Appellate procedure governs a federal court's release of state prisoner seeking federal habeas corpus relief). The standard for granting such relief is high. *See Glynn v. Donnelly*, 470 F.2d 95 (1st Cir.1972) (greater showing required for habeas corpus petitioner than for applicant seeing writ to attack incarceration not yet resulting from judicial determination of guilt). Generally, a court must determine whether the petitioner has raised a substantial constitutional issue on which he is likely to prevail, and whether extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy. *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir.1986); *Pfaff v. Wells*, 648 F.2d at 693.

In the present case, petitioner's request for enlargement is similar to the relief granted in *Johnston v. Marsh*, 227 F.2d 528 (3rd Cir.1955), in which an extremely ill prisoner with advanced diabetes and rapidly becoming blind was released from state custody to enter a hospital while his petition for writ of habeas corpus was pending in federal court. Notably, the inmate was released to a hospital for treatment, and not to "house arrest" as proposed by petitioner in the present case.

However, it is generally accepted that neither likelihood of success nor exceptional circumstances, standing alone, are sufficient to warrant enlargement.[3] Even if exceptional circumstances exist due to petitioner's medical condition, the court must consider whether release from confinement is warranted under the circumstances in this particular case. For instance, in *Stepney v. Lopes*, 597 F.Supp. 11 (D.Conn.1984), that court recognized that there were "significant human considerations based on petitioner's health," but found more compelling offsetting factors such as the petitioner's conviction of a major crime, presentation of legal claims that were not extraordinary in their weight or merit, and no clear suggestion of any constitutional deprivation during the petitioner's trial to make it likely that petitioner would prevail on the writ. *Id.* at 14.

Having examined the record, the court finds enlargement is not appropriate in the present case. Petitioner is serving lengthy sentences on convictions for serious offenses which are presumed to be valid. Notwithstanding the procedural due process concerns attendant to petitioner's claim of ineffective assistance of counsel, the court cannot conclude from the face of the record that petitioner has a likelihood of prevailing on his claim of constitutional deprivation. Moreover, petitioner is being provided medical treatment in a manner consistent with his

---

1. Petitioner was convicted (and sentenced) in 1984 of aggravated kidnapping (life), rape (10–25 years), aggravated sodomy (15–25 years), aggravated robbery (5–20 years), and kidnapping (5–20 years). The sentences were to run consecutively to each other, and to a previous sentence imposed in a different state case.

2. In the present case, petitioner seeks his "release on bond" which the court construes as the equivalent to "bail" as that term is used in this context. As pointed out by one commentator, the term "bail" is more comfortable to pre-trial matters, and the term "release" is used in reference to ultimate habeas corpus relief; thus federal courts have referred to the issue of custody pending habeas consideration as to whether the inmate should be "enlarged" pendente lite. Yackle, L.W., *Postconviction Remedies*, § 123, p. 473 (1981).

3. *See e.g., Lucas v. Hadden*, 790 F.2d 365, 367 (3rd Cir.1986) ("We doubt that it is appropriate to grant bail prior to ruling on a state habeas petition solely on the ground that here is a high likelihood of success on the merits").

incarceration. Although the risk of flight is arguably slight, petitioner's request for "house arrest" to obtain medical care of his choice fails is not persuasive.

The court further notes that by Memorandum and Order dated November 18, 1993 (Doc. 42), the parties were directed to submit briefs on petitioner's claim of ineffective assistance of trial and appellate counsel. Petitioner's appointed counsel later withdrew and substitute counsel was appointed. However, no brief has been filed on behalf of petitioner. Given the medical concerns raised in petitioner's motion for release on bond, the court wishes to avoid further delay in this matter. Petitioner is granted to and including March 10, 1995, to file the requested brief, at which time the court will evaluate the record and decide whether to set a hearing in this case.

IT IS THEREFORE ORDERED that petitioner's MOTION FOR RELEASE ON BOND (Doc. 62) is denied.

IT IS FURTHER ORDERED that petitioner is granted to and including March 10, 1995, to submit the brief requested by the court.