*United States v. Callahan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                    No. 19-2413

ADAM J. MANSON,

    *Defendant*,

BRIAN R. CALLAHAN,

    *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellant: | Andrew J. Frisch, New York, NY. |
| For Appellee: | Christopher C. Caffarone (Jo Ann M. Navickas, *on the brief*) Assistant United States Attorneys, *for* Richard P. Donoghue, |

United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the denial of a motion for bail pending resolution of a habeas petition by the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the lower court is **AFFIRMED**.

Defendant Brian Callahan appeals the denial of his motion for bail pending resolution of a habeas petition he filed pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of New York (Spatt, J.) and seeks remand to a different district judge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Brian Callahan was an investment manager who misappropriated millions of dollars from dozens of investors. He pled guilty, pursuant to a plea agreement, to one count each of securities and wire fraud. Callahan also agreed not to appeal or challenge by habeas petition his sentence or conviction, as long as the court imposed a term imprisonment of 327 months or below. The Government argued at sentencing that Callahan's offense level under the Sentencing Guidelines should be determined using the actual loss he caused, not his intended loss, and calculated that amount by starting with the total amount of money that Callahan received from investors and subtracting redemptions paid to prior investors and money the Government recouped when it sold seized assets. All told, the Government concluded that Callahan caused the loss of $19.7 million, which led to an adjusted offense level of 34 and a Guidelines range of 151 to 188 months. The district court agreed with the Government that the offense level was 34 and sentenced Callahan to 144 months' incarceration. Callahan began serving that sentence in January 2018.

2

Callahan appealed, arguing, among other things, that the district court had miscalculated the loss he caused by including market losses in funds that were appropriately invested, and thereby erroneously increased his offense level and Guidelines range and punished him for non-criminal conduct. We dismissed the appeal because of the wavier in Callahan's plea agreement.

Callahan then filed a § 2255 petition and moved for bail pending resolution of that petition. He argued, among other things, that the Government breached his plea agreement so the waiver was void, that the agreement was not knowingly agreed to because of the ineffective assistance of counsel, and that his offense level should have been 14 and the Guidelines range 15 to 21 months, the bulk of which he has already served. The district court denied that motion, holding that Callahan had not shown that his victory could be predicted with confidence or that there were extraordinary circumstances justifying his release. This appeal timely followed.

"The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990); *see also Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981).[1] This standard is higher even than that created by 18 U.S.C. § 3143(b), which governs bail pending appeal and requires detention absent a finding, among other things, that the appeal is "likely to result in" reversal, an order for a new trial, or a new sentence that is less than the time already served.

Thus, in order to succeed on the merits, Callahan will have to show that he is very likely to succeed in proving that the district court erroneously calculated the amount of actual loss

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

caused, which led to a miscalculation of his offense level and Guidelines range. However, he will also have to show that we should overlook the waiver in his plea agreement. And to justify his release on bail pending resolution of his habeas proceeding, he will have to show that success on the merits almost certainly means he will receive a new sentence that is less than the time already served. We need only address the last two of these issues here.

First, Callahan argues that the Government breached the plea agreement by advocating for an offense level based on $140.6 million, before crediting him with the money returned to investors, instead of $96 million. Whether a plea agreement was breached turns on what "the reasonable understanding and expectations of the defendant [were] as to the sentence for which he had bargained." *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982) (per curiam). "Each case [turns] on its facts, and the number of significant variables potentially in play in such an inquiry is enormous." *United States v. Habbas*, 527 F.3d 266, 272 (2d Cir. 2008).

Here, the plea agreement reflected that the Government estimated the losses caused to be between $50 and $100 million. At sentencing, the Government argued that Callahan caused the loss of only $19.7 million. On its face, to the extent this approach differed from Callahan's reasonable expectations based on the plea agreement, that difference redounded to the defendant's benefit. It lowered his Guidelines range from 235 to 293 months to 151 to 188 months. Even if, arguendo, the Government may have breached the plea agreement, on this record, we are not so certain of that outcome that we are compelled to overrule the district court's decision denying bail pending a final resolution of the habeas petition.[2]

---

[2] Callahan also argues that his plea agreement is invalid because it was the product of the Government's violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and of the ineffective assistance of counsel. These arguments are essentially derivative of his arguments regarding the breach of his plea agreement.

Second, succeeding on this habeas petition does not mean Callahan should never have been convicted or could not have been incarcerated beyond a certain length of time. It just means that the district court will resentence him with the benefit of the purportedly correct Guidelines range of 15 to 21 months. But there is no guarantee that the district court will reduce his sentence to within that range. The Guidelines are advisory, and the district court also applied the sentencing factors under 18 U.S.C. § 3553(a) in determining Callahan's original sentence of 144 months. Perhaps 144 months is a longer sentence than Callahan should have received and 21 months is perfectly appropriate. That is for the district court to decide. We find only that Callahan—who has served less than two years of his twelve-year sentence, which was itself less than half of the potential twenty-seven-year sentence he agreed not to challenge—has not shown that there are extraordinary circumstances justifying his immediate release.[3]

We have considered all of Callahan's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We also affirm the district court's denial of Callahan's motion for recusal, largely for the reasons stated by the court below.