**William PFAFF and Patrick Pfaff, Petitioners-Appellants,**

v.

**Gene WELLS, Sheriff of Oklahoma County, State of Oklahoma, Respondent-Appellee.**

**No. 80–2102.**

United States Court of Appeals, Tenth Circuit.

Submitted April 2, 1981.

Decided May 6, 1981.

---

James F. Howell, and James Croy of Howell, Webber & Lewis, Midwest City, Okl., for petitioners-appellants.

George W. Paull, Jr., Asst. Dist. Atty., Oklahoma County, Oklahoma City, Okl. (Robert H. Macy, Dist. Atty., Oklahoma County, Oklahoma City, Okl., was also on brief), for respondent-appellee.

Before SETH, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.

HOLLOWAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

After exhausting their state remedies the petitioners-appellants William and Patrick Pfaff brought this habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to bar their extradition to the State of Michigan to begin serving sentences after their convictions in that State had been affirmed on direct appeal.

The Governor of Oklahoma granted the requested extradition and issued arrest warrants for the petitioners who are currently in the custody of the respondent-appellee Sheriff of Oklahoma County, awaiting extradition which the State of Michigan is continuing to request. On October 16, 1980, the district court denied the habeas relief sought and declined to order a stay of extradition. The next day the district court orally denied petitioners' motion for issuance of a certificate of probable cause for appeal. This timely appeal followed.[1]

I

The facts concerning this proceeding are not in dispute. Petitioners were tried and convicted on three separate counts related to arson and conspiracy to commit arson in a Michigan State court and were sentenced to imprisonment on July 8, 1977. They appealed their convictions to the Michigan Court of Appeals which affirmed the convictions on July 13, 1979. During this appellate process petitioners received permission to move to Oklahoma, which they did.

In December 1979 the Michigan Supreme Court denied petitioners' application for

---

1. The petitioners filed their notice of appeal on October 17, 1980. On the same day petitioners filed motions with a single circuit judge of this court pursuant to 28 U.S.C. § 2253 and Rules 8(a), 22, and 23, F.R.A.P., asking for a certificate of probable cause, a stay of extradition pending resolution of this appeal and their federal habeas case in Michigan, and an order permitting them to be enlarged on their own recognizance pending appeal.

After hearing arguments and considering briefs submitted in support of the petitioners' motions, the circuit judge entered an order on October 27, 1980, granting a certificate of probable cause and denying without prejudice the motion for enlargement. The circuit judge declined to rule on the motion for a stay of extradition since there was no pending application by the respondent pursuant to Rule 23(a), F.R.A.P., seeking authorization to transfer the petitioners to Michigan authorities.

leave to appeal. On January 24, 1980, a petition for writ of habeas corpus was filed in the United States District Court for the Western District of Michigan, attacking petitioners' state court convictions on several grounds. A federal magistrate's report recommended dismissal of the petition because petitioners failed to appear for the execution of their sentences and were thus deemed to have escaped during pendency of the habeas action.

Petitioners were subsequently arrested and arraigned in Oklahoma on Michigan fugitive warrants and, as a result, the Michigan federal court did not accept the magistrate's report and allowed the habeas petition to remain pending. This order was entered on July 15, 1980, and we are advised that the federal habeas petition is still pending in the Western District of Michigan.

Extradition proceedings were then begun to remove the petitioners to Michigan and on August 4, 1980, the Governor of Oklahoma granted the extradition request.[2] On August 8, 1980, petitioners filed a habeas corpus petition in the Oklahoma County District Court which was denied on September 28, 1980. On appeal the Oklahoma Court of Criminal Appeals refused to grant habeas corpus relief or a stay of extradition proceedings. (I R.10). Thereafter the Supreme Court of Oklahoma assumed original jurisdiction and denied a writ sought by petitioners on October 10, 1980. (*Id.* at 11). Petitioners then brought the instant federal habeas suit to bar extradition to Michigan. The federal district court denied the writ, denied a motion for a stay pending appeal, and denied petitioners' motion for a certificate of probable cause. (*Id.* at 14, 22).

On this appeal petitioners basically argue that their constitutional rights under the Fourth and Fourteenth Amendments would be violated if Michigan authorities are permitted to extradite them from Oklahoma

prior to a final determination by the federal court in Michigan on the validity of their constitutional challenges to their state convictions. Specifically they claim that "extradition from Oklahoma to Michigan for the purpose of incarceration in Michigan is an unreasonable seizure under the Fourth Amendment when the conviction under which the extradition is sought is itself being scrutinized and challenged as unconstitutional." Additionally they say that "extradition on the basis of a conviction, the constitutional validity of which is under scrutiny in the federal courts, is violative of the constitutional prohibition of deprivation of liberty without due process of law." (Brief of Appellants at 3, 9). They ask this court to reverse the district court's decision denying habeas relief, to stay their extradition to Michigan until the federal court there has completed its review of their habeas petition, and to allow them to remain at liberty until that review is complete.[3] (*Id.* at 13).

The respondent-appellee argues, *inter alia*, that "the pendency of a collateral attack upon petitioners' Michigan convictions is not grounds to grant a writ of habeas corpus in an interstate extradition case," that the Supreme Court's decision in *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521, controls the scope of inquiry of a federal court in a habeas action challenging an extradition order, and that the petitioners here do not contest the sufficiency of the Governor's warrant and thus are not entitled to habeas relief to bar their extradition to Michigan. (Brief of Appellee at 1–3).

II

*Michigan v. Doran* defines the issues which a federal court may address in a habeas action resisting extradition. The Court there stated (439 U.S. at 289, 99 S.Ct. at 535):

---

2. The procedure on extradition in Oklahoma is prescribed by the Uniform Criminal Extradition Act, as adopted in Oklahoma. *See* 22 Okla. Stat. § 1141.1 *et seq.* (1971).

3. Although the petitioners have only specifically asked this court to stay extradition proceedings and grant their enlargement, we think that it is implicit in their appeal that they also seek a reversal of the district court's denial of habeas relief.

A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met.... Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

Decisions since *Doran* have reaffirmed the narrow compass of issues which may be considered in a challenge to extradition by habeas proceedings in the asylum state. *See Cuyler v. Adams,* —— U.S. ——, 101 S.Ct. 703, 709 n.11, 66 L.Ed.2d 641; *Pacileo v. Walker,* —— U.S. ——, 101 S.Ct. 308, 66 L.Ed.2d 304 (per curiam); *see also Brown v. Nutsch,* 619 F.2d 758, 763 (8th Cir.).

Here petitioners do not argue that the four criteria listed in *Doran* are not met. (*See* I R.23). Instead they contend that *Doran* is distinguishable. They say that the habeas petitioner in *Doran* was in state court alleging that the extradition warrant failed to comply with the Uniform Criminal Extradition Act, a state law. Here they are claiming in federal court that extradition would infringe federal constitutional rights. Additionally they say that the habeas petitioner in *Doran* was asking the state court to look behind the extradition warrant, whereas here they "are asking that this court await the outcome of the scrutiny of a neutral federal judge in Michigan." (Brief of Appellant at 5).

It is true that *Michigan v. Doran* was decided on certiorari to the highest court of a state and concerned the limitations applicable to state courts of asylum states under the Extradition Clause of the Federal Constitution and the federal statute implementing the clause, 18 U.S.C. § 3182. Nevertheless we feel that such limitations should apply with equal force to federal courts in asylum states hearing challenges to extradition proceedings. *See Pacileo v. Walker, supra,* —— U.S. at —— – ——, 101 S.Ct. at

308–309 (convicted felon not permitted to raise Eighth Amendment claim in state court to prevent extradition); *Sweeney v. Woodall,* 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (convicted felon not permitted to raise Eighth Amendment claim in federal court in asylum state to prevent extradition); *State ex rel. Bailey v. Shepard,* 584 F.2d 858, 860–61 (8th Cir.), *cert. denied,* 440 U.S. 926, 99 S.Ct. 1259, 59 L.Ed.2d 481; *Price v. Pitchess,* 556 F.2d 926, 928 (9th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451. It is the duty of both federal and state courts "to administer extradition in accord with the construction placed on the federal constitutional and statutory provisions by the Supreme Court." *DeGenna v. Grasso,* 413 F.Supp. 427, 431 (D.Conn.), *aff'd sub nom. Carino v. Grasso,* 426 U.S. 913, 96 S.Ct. 2617, 49 L.Ed.2d 368. The Court's interpretation is that interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, clause 2 of the Constitution. *Doran, supra,* 439 U.S. at 288, 99 S.Ct. at 535.

The essence of petitioners' arguments is that they are entitled to avoid extradition because they have a constitutional right to remain in the asylum state and to be free from incarceration in the demanding state until the federal court in the latter state has fully reviewed their habeas petition challenging the validity of their state convictions. Petitioners have not, however, presented any cogent reasons to explain why they have a greater interest in remaining free pending the resolution of their federal habeas claims than the individual who remains in the demanding state and presents a federal habeas petition challenging his state conviction. To the contrary, we think that a defendant who has been convicted and is subject to extradition has no stronger claim for enlargement than convicted defendants who are already in custody in the demanding state. *See Sweeney v. Woodall, supra,* 344 U.S. at 89–90, 73 S.Ct. at 140; *United States ex rel. Little v. Ciuros,* 452 F.Supp. 388, 391 (S.D.N.Y.).

Despite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief. *In re Wainright*, 518 F.2d 173, 174 (5th Cir.), and cases there cited; *but see Howe v. Cronin*, 458 F.Supp. 157, 158 (D.Colo.). However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition. *See Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir.); *Edwards v. State of Oklahoma*, 412 F.Supp. 556, 559–60 (W.D.Okla.); *and see Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (Douglas, J., Opinion in Chambers). These are issues which may be presented in the Michigan federal court which has before it the merits of the habeas case of these petitioners challenging their state court convictions.[4] Except for attaching the Michigan habeas petition with its allegations to the instant petition, the issues have not been developed in the record and briefs before us and should be left for consideration by the Michigan federal court. *Cf. Sweeney v. Woodall, supra*, 344 U.S. at 90, 73 S.Ct. at 140. We hold that the mere pendency of the federal habeas proceeding in the demanding state in these circumstances does not justify the relief sought in this federal habeas proceeding in the asylum state, interfering with the process of extradition.

Accordingly the district court's denial of habeas relief and the denial of a stay of extradition are

AFFIRMED.

---

4. In light of the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, it would appear that the federal court in Michigan still retains jurisdiction to consider the merits of petitioners' habeas action since the respondent here acts as the agent of the Michigan state authorities who seek petitioners' extradition. *Id.* at 489 n.4, 498–99, 93 S.Ct. at 1126 n.4, 1131; *see also Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.