762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FREDERICK SPALLA, PLAINTIFF-APPELLANT,
v.
DALE FOLTZ, DEFENDANT-APPELLEE.
 NO. 84-1538
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 ORDER
 BEFORE: ENGEL, MARTIN, and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendant's motion to dismiss for lack of jurisdiction and plaintiff's responsive memorandum.
 
 
 2
 Plaintiff has pending in the district court a petition for writ of habeus corpus attacking his 1981 conviction for first degree murder (which was reduced to second-degree murder by the Michigan Supreme Court on May 18, 1984). Plaintiff filed a motion on June 15, 1984, requesting the district court to order him released on bail while his habeas corpus petition was reviewed. The district court denied his motion for bail, from which order plaintiff timely appealed to this court.
 
 
 3
 Although there is no specific statute authorizing the district court to grant bail to a convicted prioner while his habeus corpus petition is pending, the court inherently has that power. Pfaff v. Wells, 648 F.2d 689 (10th Cir. 1981). However, the prisoner must raise substantial constitutional claims upon which he has a high probability of success and extraordinary or exceptional circumstances must exist which make the grant of bail necessary to make the habeus remedy effective. Aronson v. May, 85 S. Ct. 3 (1964); Calley v. Callaway, 496 F.2d 701, 703, rehearing denied, 497 F.2d 1384 (5th Cir. 1974). The district court considered all the documents before it but denied bail because it did not find either the clear grounds for relief on the petition's merits or exceptional circumstances. A decision on the merits of plaintiff's habeus corpus petition is still pending.
 
 
 4
 The habeus corpus statues follow the general rule that only final orders are subject to appellate review. 28 U.S.C. Sec. 2253. United States ex rel. Stachulak v. Coughlin, 520 F.2d 931 (7th Cir. 1975), cert. denied, 424 U.S. 947 (1976). Since this appeal is limited to the order denying bail, not the merits of plaintiff's habeas petition, it is not a final order under 28 U.S.C. Sec. 1291. Similarly, the order is not an appealable interlocutory order under 28 U.S.C. Sec. 1292(a), (b). Woodcock v. Donnelly, 470 F.2d 93 (1st Cir. 1972). This Court does not have jurisdiction to review the district court's denial of bail during a post-conviction habeus corpus proceeding.
 
 
 5
 Accordingly, it is ORDERED that defendant's motion to dismiss be granted.