**Richard R. BURDICK, Plaintiff**

v.

**MAINE ATTORNEY GENERAL,
Respondent**

**No. Civ.02–142–B–S.**

United States District Court,
D. Maine.

Dec. 30, 2002.

Richard R Burdick, Maine State Prison, Warren, ME, plaintiff, pro se.

William R. Stokes, Assist. Atty. Gen., Augusta, ME, for defendant.

*ORDER ACCEPTING THE RECOM-
MENDED DECISION OF THE
MAGISTRATE JUDGE*

· SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed December 4, 2002 the Recommended Decision is accepted.

Accordingly, it is ordered that the petition for a writ of habeas corpus is **DENIED** and his motion for a stay of the state court proceedings is **DENIED**.

**RECOMMENDED DECISION ON 28
U.S.C. § 2254 PETITION CHAL-
LENGING EXTRADITION ORDER**

KRAVCHUK, United States Magistrate Judge.

At the time Richard Burdick filed this 28 U.S.C. § 2254 petition (Docket No. 1) he was serving a forty-year sentence in Maine for criminal convictions stemming from a June 13, 1999, armed stand-off between Burdick and police officers in orland, Maine. However, prior to the events in Maine, Burdick had been indicted in Massachusetts for rape and abuse of a child and in February 1998 he fled Massachusetts in the middle of the jury trial on those charges. The Massachusetts jury convicted Burdick despite his absence. In the wake of Burdick's Maine apprehension Massachusetts desired to sentence Burdick for his Massachusetts convictions and an Executive Agreement between the governors of Maine and Massachusetts was completed in May 2002. It provided for Burdick's extradition to Massachusetts for sentencing, his returned to Maine after the

Massachusetts sentencing to serve his Maine sentence, and, then, his return to Massachusetts to complete whatever sentence remained on the Massachusetts convictions. Burdick challenged the ensuing fugitive from justice complaint in the Maine courts and his petition contesting extradition was denied; Burdick's extradition to Massachusetts was ordered.

In this federal habeas corpus Burdick asks this court to "inquire into the legality" of his extradition to Massachusetts. Burdick also requests a stay of execution of the state action. For the reasons below I recommend that the Court **DENY** Burdick's motions for habeas relief and for a stay of execution.

### Discussion

My review of Burdick's petition is limited to the propriety of the extradition order entered by the Maine Superior Court ordering his extradition to Massachusetts. This petition does not seek habeas review of Burdick's Maine convictions. And, this Court cannot address Burdick's complaints about improprieties in the process afforded by Massachusetts.[1]

1. For instance, Burdick seems to challenge the authority of Massachusetts to demand the surrender of Burdick to Massachusetts authorities: "Such challenges are properly left to the prosecutors and courts of the demanding state." *Coungeris v. Sheahan,* 11 F.3d 726, 729 (7th Cir.1993).

2. I do not include in this list Burdick's argument that the presiding justice was not impartial as to Burdick's extradition because the Thirteenth Amendment prohibitions on involuntary servitude somehow preempted the extradition clause of the United States Constitution. This argument falls outside the bounds of a reasonable framing of the tenable issues raised by Burdick's *pro se* petition. *See cf. LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998) ("[W]e differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the

With respect to his attacks on the Maine extradition order Burdick makes two assertions that are related to the Maine state court's extradition proceedings. One, the state court judge who ordered extradition breached the separation of power doctrine by answering a political question, thereby forfeiting her tenure in office. And, two, the state court justice denied him his right to introduce case law as evidence on his behalf after an initial hearing during which the justice promised that she would reconvene to allow Burdick to introduce case-law supporting his contentions.[2]

My analysis of Burdick's challenge begins with Article IV, section 2, clause 2 of the United States Constitution. Its provides:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

like,' on the other hand; the former must be credited, but the latter can safely be ignored," quoting *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)).

The same holds true for Burdick's contentions that the Governor of Maine did not have authority to issue the fugitive from justice warrant because the Governor passed a law in 1997 that created a government that was not republican; the Maine court had no jurisdiction with respect to the extradition proceedings because it was not the product of a republican form of government; and the Chief Justice of the Maine Supreme Judicial Court illegally exceeded the judicial branch's debt limit. Not only are these arguments, for want a better word, fantastic, they are not the types of claims that can be brought in a federal habeas petition as they do not implicate the United States Constitution or federal laws. *See* 28 U.S.C. § 2254(a).

U.S. Const. art. IV, § 2. cl. 2. The United States Congress has codified the extradition clause in 18 U.S.C. § 3182, which is the procedural carry-through of the Article IV "constitutional command." *New Mexico v. Reed,* 524 U.S. 151, 152, 118 S.Ct. 1860, 141 L.Ed.2d 131 (1998).[3]

Maine enacted the Uniform Criminal Extradition Act in 1929. The provision currently provides:

> Subject to the provisions of this chapter and of the Constitution of the United States and Acts of Congress in pursuance thereof, it is the duty of the Governor of this State to have arrested and delivered up to the executive authority of any other state of the United States any person who is a fugitive from justice, as defined in section 201, subsection 4, and is found in this State. Any person charged with or convicted of a crime as an adult in the demanding state shall be subject to this chapter, regardless of age.

15 M.R.S.A. § 202 (West 1980). Subsection 4 of § 201 defines "fugitive from justice" to include:

> Any person convicted of a crime in the demanding state who is not in that state, unless he is lawfully absent pursuant to the terms of his bail or other release, who has not served or completed a sentence imposed pursuant to the conviction. This definition shall include, but not be limited to, a person who has been released pending appeal or other review of the conviction, the review having been completed; a person who has been serving a sentence in this State; a person who has escaped from confinement in the demanding state; or a person who has broken the terms of his bail, probation or parole.

*Id.* § 201(4)(B).

The United States Supreme Court in *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) reviewed Michigan's appeal of a Michigan (sending) state court's grant of habeas relief vis-à-vis an extradition order. The Court held that a petitioner is entitled to a very limited, four-facet analysis of the sending state's determination. Stating that "[a] governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met," *id.* at 289, 99 S.Ct. 530 (citing *Bassing v. Cady,* 208 U.S. 386, 392, 28 S.Ct. 392, 52 L.Ed. 540 (1908)), the Court declared:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugi-

---

**3.** Section 3182 reads:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182.

tive. These are historic facts readily verifiable.

*Id.* at 289, 99 S.Ct. 530. Federal courts ruling on appeals by unsuccessful 28 U.S.C. § 2254 petitioners have consistently applied this *Doran* framework in conducting a federal habeas review of a sending state court's habeas extradition determination. *See, e.g., Behr v. Ramsey,* 230 F.3d 268, 270–71 (7th Cir.2000); *Strachan v. Colon,* 941 F.2d 128, 130 (2d Cir.1991); *McDonald v. Burrows,* 731 F.2d 294, 296 (5th Cir.1984); *Pfaff v. Wells,* 648 F.2d 689, 691–92 (10th Cir.1981).

First, I note that nowhere in this 28 U.S.C. § 2254 petition does Burdick assert that the extradition documents before the Maine court were facially inadequate; that he was not charged (and convicted) of the Massachusetts crimes; that he was not the person named in the order; or that Massachusetts did not consider him a fugitive.

With respect to Burdick's challenges in the Maine courts, he did contest extradition on the grounds that he was not the Richard Burdick identified in the Massachusetts documents. (Pet. Contesting Extradition at 1.) The record indicates that Burdick was denied a Certificate of Probable Cause when he sought to appeal this determination. (Order Den. Certificate Probable Cause.) Thus, the identity issue is the only facet of *Doran* that Burdick could leverage in this federal habeas. *See*

28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a[s]tate court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the [s]tate[.]") [4]

■ The only assertion in this § 2254 petition respecting the evidence in front of the state court is Burdick's assertion that he was never given the promised opportunity to introduce case law; there is no hint in this § 2254 petition that he was barred from producing evidence regarding his true identity. As the *Doran* Court made clear, the Maine court's review was limited to the historic facts. Since Burdick has not averred [5] anywhere in his § 2254 petition that he is not the individual subject to the Massachusetts extradition order he has no cognizable, exhausted avenue for a federal habeas challenge to Maine's extradition order.[6]

■ With respect to Burdick's contention that the presiding justice improperly answered a political question this conclusory assertion can only be read as challenging, as a matter of law, the justice's authority to make the extradition determination. The *Doran* Court left no doubts, it is the Governors of the two states in question that make the extradition determination, 439 U.S. at 289, 99 S.Ct. 530 ("A

---

4. Subsection (B) of § 2254(b)(1) is inapplicable to this dispute.

5. Indeed, Burdick's petition does not comply with Rule Governing Section 2254 Proceedings 2(c), in that, while signed, nowhere in his pleadings has he signed under penalty of perjury.

6. In answering this 28 U.S.C. § 2254 petition the State avers that the justice presiding made a specific finding that Burdick was, in fact, the same person sought by Massachusetts. (Answer § 2254 Pet. at 6.) However, the State

has not provided this court with the written transcripts of the extradition proceedings. Thus, the State is wrong in suggesting that this court could make the determination that the Maine courts' orders did not "(1) result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." § 2254(d).

governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met"); *id.* at 290, 99 S.Ct. 530 ("[O]nce the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state."), and, it is the Governors that answer the "political question." *Doran's* discussion concerning the sending state court's circumscribed factual analysis given the constitutional mandate of Article IV and the Congressional edict of 18 U.S.C. § 3183 would make suspect under the Constitution and the laws of the United States any judicial deviation from the extradition inquiry, once Burdick's sole identity-based *Doran* challenge was decided.

It follows, in light of my conclusion that Burdick's 28 U.S.C. § 2254 motion has no merit, that Burdick is not entitled to a stay of the execution of the state action pursuant to 28 U.S.C. § 2251. I recommend that this motion also be denied.

### Conclusion

For these reasons I recommend that the Court DENY Burdick's 28 U.S.C. § 2254 petition and DENY his motion for a stay of the state court proceedings.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 4, 2002.