**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 17, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL JOSEPH PALERMO,

    Defendant-Appellant.

No. 06-4167

(D.C. Nos. 2:05-CV-265-DS and
2:02-CR-246-DS)
(D.Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, HARTZ,** and **McCONNELL**, Circuit Judges.

Daniel Joseph Palermo, proceeding pro se, appeals the district court's denial of his motion for release on recognizance or surety pending the district court's decision on the merits of his 28 U.S.C. § 2255 petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Palermo pled guilty on August 29, 2002, to possession of an unregistered sawed-off shotgun. He was sentenced on November 11, 2002, to sixty-four months' imprisonment, to be followed by thirty-six months' supervised release. Palermo did not file a direct appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

Palermo has since filed a 28 U.S.C. § 2255 motion to vacate or set aside his sentence, asserting that his trial counsel was ineffective for ignoring his alleged instruction to file a notice of appeal. According to the record, the district court has set an evidentiary hearing on the merits of Palermo's motion for September 12, 2006. Although Palermo filed a motion for release on recognizance or surety pending the outcome of his § 2255 motion, the district court denied that motion. Palermo now appeals from the district court's order of denial and, together with his notice of appeal, has filed a motion for release with this court.

It is apparent from the record on appeal that Palermo is not entitled to release pending the outcome of his § 2255 motion. An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition. Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981). Although Palermo asserts he is suffering from various health problems, has endured significant delay in the district court's processing of his § 2255 motion, and is on the verge of being transferred from prison to a halfway house, none of these assertions constitute exceptional circumstances. Moreover, he has not demonstrated a clear case on the merits.

Palermo's motion for expedited consideration is GRANTED. His motions for appointment of counsel and for release are DENIED. The order of the district court

denying Palermo's motion for release on recognizance or surety is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge