**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LISA JANE GRAHAM,

Petitioner - Appellant,

v.

RICHARD KOERNER, Warden,
Topeka Correctional Facility;
STEPHEN N. SIX, Attorney General
for the State of Kansas,

Respondents - Appellees.

No. 08-3263

(D. Kansas)

(D.C. No. 5:06-CV-03317-JAR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

A Kansas state-court jury convicted Lisa J. Graham on two counts of

attempted first-degree murder and three counts of aggravated assault of a law-

enforcement officer. The aggravated-assault convictions were reversed on direct

appeal. After unsuccessfully pursuing state collateral remedies, Ms. Graham filed

an application for federal habeas relief under 28 U.S.C. § 2254 in the United

States District Court for the District of Kansas on November 17, 2006. The

application raised 12 challenges to her attempted-murder convictions. The

district court ruled that she had procedurally defaulted eight of her claims and

that the remaining four lacked merit. Ms. Graham, appearing pro se, seeks a

certificate of appealability (COA) from us to challenge the district court's rulings. *See* 28 U.S.C. § 2253(c)(1)(A) (COA is necessary to appeal denial of relief in § 2254 proceeding). Because a reasonable jurist could not debate the correctness of the district court's decision, we deny her application for a COA and dismiss the appeal.

## I.    BACKGROUND

Ms. Graham's convictions arose from a confrontation with police in her home. Knowing that authorities were looking for her to execute an arrest warrant, Ms. Graham doused her house in gasoline and positioned a candle and bowl of charcoal fluid behind her front door. She also strung a wire across the back door to prevent it from opening. Two police officers knocked on the front door and received no response. They then entered Ms. Graham's home through an unlocked window, whereupon Ms. Graham retreated to the basement and lit several roman candles (a firework that propels flaming balls) in an effort to "burn the house down." R. Vol. 2 (State Ct. Tr. Vol. III) at 388. It took the officers one to two minutes to exit the premises. With fire spreading through the house, one of the officers reentered to pull Ms. Graham out alive. As the officer rushed towards her, she brandished a firearm, which discharged as she was tackled. Neither the officer nor Ms. Graham was struck by the bullet.

## II. DISCUSSION

In her § 2254 application Ms. Graham raised three claims that she had pursued on direct appeal in state court—namely, that (1) her attempted-murder conviction rested on insufficient evidence of guilt; (2) she was charged with multiplicitous counts; and (3) the prosecutor made untrue and inflammatory statements in his closing argument. She also complained that her state-court motion for collateral relief had been summarily denied. The district court rejected these claims on the merits. In addition, the court ruled that eight claims in Ms. Graham's § 2254 application had been procedurally defaulted because they had not been raised in state court. Construed liberally, Ms. Graham's request for a COA challenges each of the district court's rulings. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (pro se filings must be liberally construed).

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either

"debatable or wrong."  *Id*.  If the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but she must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

Also pertinent to our standard of review, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme Court] has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Thus we may not issue a habeas writ simply because we conclude in our independent judgment

-4-

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted). Therefore, for those of Ms. Graham's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [her] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## A. Sufficiency of the Evidence

Ms. Graham argues that the state adduced insufficient evidence of intent to convict her of attempted first-degree murder. In assessing such an argument, a court must defer to the fact-finding role of the jury. Thus, evidence of guilt is sufficient if "after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When a habeas applicant's insufficient-evidence claim has been addressed in state court, § 2254(d) requires an additional layer of deference. *See Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007). Habeas relief may not be granted unless the state court's application of the *Jackson* standard was objectively unreasonable. *See id.*

The Kansas Supreme Court ruled on direct appeal that a rational juror could have found that Ms. Graham "coaxed police officers into her gasoline-soaked

house in order to murder them and end her own life." *State v. Graham*, 83 P.3d 143, 152 (Kan. 2004). This was not an unreasonable application of *Jackson*. Ms. Graham knew that police officers were looking for her. She poured gasoline throughout her house while placing a wire across her back door and an incendiary device behind the front door. She nevertheless left a window unlocked. When two police officers entered through that window she attempted to "burn the house down." R. Vol. 2 (State Ct. Tr. Vol. III) at 388. And, perhaps most incriminating, a fire inspector testified at trial that the fire originated under the window in which the officers had entered. Viewing this evidence in the light most favorable to the government, a rational juror could conclude that Ms. Graham attempted to kill the officers who entered her home by trapping them inside as it burned. At the least, the Kansas Supreme Court was not objectively unreasonable in reaching that conclusion. *See Diestel,* 506 F.3d at 1267. No reasonable jurist could debate the district court's decision regarding the sufficiency of the evidence.

### B. Multiplicitous Charges

Ms. Graham alleges that the state's complaint contained multiplicitous charges—namely, both aggravated assault and attempted murder for the same conduct—in violation of the Double Jeopardy Clause's prohibition against

multiple convictions for the same offense.[1]  *See United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (multiplicitous charges are those that "cover the same criminal behavior" (internal quotation marks omitted)).  The district court rejected this claim because Ms. Graham's convictions for aggravated assault were overturned on appeal.  The correctness of that rejection is not debatable.  "The government may submit multiplicitous charges to the jury," *United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005), so long as multiple convictions on the charges are not permitted to stand, *see id.*  Consequently, we need not address whether the charges against Ms. Graham were, in fact, multiplicitous.

### C.    Prosecutorial Misconduct

Ms. Graham contends that the prosecutor's closing argument misstated the evidence against her and improperly impugned her credibility.  To prevail on a claim of prosecutorial misconduct, a "defendant must establish that the prosecution's conduct or remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006) (internal quotation marks omitted).  The Kansas Supreme Court ruled that Mr. Graham was not entitled to relief on these contentions and the district court agreed.  No reasonable jurist could debate the district court's decision.

---

[1]  Ms. Graham raised a related collateral-estoppel argument in her habeas application but she does not challenge the district court's rejection of that argument in her request for a COA or her brief to this court.

### D.    Summary Denial of Collateral Relief

Ms. Graham contends that the state courts improperly acted summarily in denying her motion for collateral relief. As the federal district court ruled, however, such a claim does not state a ground for habeas relief. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (habeas relief must be founded on an attack on "the judgment which provides the basis for . . . incarceration," not an attack on a proceeding collateral to that incarceration).

### E.    Procedural Defaults

Ms. Graham concedes that her habeas application raised eight claims that she failed to pursue on direct appeal.[2] The district court concluded that these claims of trial error were procedurally defaulted. In Kansas the failure to

---

[2] The district court accurately summarized these claims as follows:

(1) the court's reply to the jury question of the definition of premeditation prejudiced the outcome of the case and deprived her of a fair trial; (2) the exclusion of evidence by the court permitted malicious prosecution; (3) the court violated her rights when it failed to present her theory of suicide in a lesser charge to the jury; (4) the State committed prosecutorial misconduct by knowingly presenting false testimony or implied findings to show that her claim had no merit; (5) the court sequestered her from conferring with defense counsel after calling a recess; (6) a potential juror raised a racial issue and the court's response gave the impression of racial partiality; (7) the trial court erred in failing to request a change in venue; (8) the Kansas doctrine for attempted murder diminishes the State's burden of proof and was not used in her case with the legislative intent.

*Graham v. Koerner*, No. 06-3317, 2008 WL 4186874, at * 3 (D. Kan. Aug. 5, 2008).

-8-

challenge a trial error on direct appeal results in a procedural default unless (1) the error is one "affecting constitutional rights" and (2) "exceptional circumstances excus[e] the failure to appeal" on the issue. Kan. Sup. Ct. R. 183(c). To establish exceptional circumstances, a defendant must show "(1) ineffective assistance of trial counsel in failing to object regarding an issue; (2) ineffective assistance of direct appeal counsel in failing to raise the issue; or (3) newly discovered evidence or an unforeseeable change in circumstances or constitutional law unknown to counsel and the movant at the time of trial and direct appeal." *Bledsoe v. State*, 150 P.3d 868, 877 (Kan. 2007).

It is not clear from Ms. Graham's submissions how each of the eight claims she first raised in her § 2254 application involved a constitutional right. In any event, the two excuses she has proffered for not raising issues on direct appeal are not extraordinary. One is that her counsel was not aware of certain facts, although she was. But newly discovered evidence excuses the failure to appeal an issue only if it was "unknown to counsel *and* the movant." *Id.* (emphasis added). The other proffered excuse is that she did not learn of one incident of prosecutorial misconduct until "following her conviction." Aplt. Br. at 20. But she does not allege, as she must, that she was unaware of this evidence at the time of her direct appeal. *See Bledsoe*, 150 P.3d at 877 (must be unaware of evidence "at the time of trial and direct appeal").

Ms. Graham could overcome the state procedural bar by showing "cause and prejudice or a fundamental miscarriage of justice."  *Cannon v. Mullin*, 383 F.3d 1152, 1172 (10th Cir. 2004) (internal quotation marks omitted).  But she has made no showing beyond the above arguments regarding state procedural bar.  No reasonable jurist could dispute the district court's ruling on procedural bar.

**F.    Additional Issues**

In her request for a COA from this court Ms. Graham raises several issues not raised in her habeas application.  None warrants relief.

First, Ms. Graham argues that the district court unreasonably delayed adjudication of her habeas application.  This is not a cognizable habeas claim.  Although a delay in collateral proceedings can "work a denial of due process," requiring action by this court, such delay "does not give rise to an independent due process claim that would justify granting a defendant habeas relief."  *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) (internal quotation marks omitted).

Second, Ms. Graham argues that the district court improperly denied her request to be released pending adjudication of her habeas application.  But to be entitled to this extraordinary remedy, an applicant must demonstrate "exceptional circumstances" or "a clear case on the merits of the habeas petition."  *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).  As the district court found, Ms. Graham failed to establish either prerequisite.

Third, Ms. Graham contends that the district court was biased against her. Ms. Graham has not provided factual allegations to substantiate this claim. Her view appears to be that the district court was biased because it denied her relief. But it is well established that "adverse rulings cannot in themselves" support a charge of judicial bias. *Nickl*, 427 F.3d at 1298 (internal quotation marks omitted).

Fourth, Ms. Graham seeks habeas relief on the ground that upon release she will be subject to registration requirements enacted after her conviction, in violation of the Ex Post Facto Clause. But this claim for relief was not included in her § 2254 application. We do not review claims for relief not raised below. *See Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005).

Fifth, Ms. Graham contends that on direct appeal the Kansas Supreme Court improperly relied on *State v. Bryant,* 38 P.3d 661, 666 (Kan. 2002). But errors of state law do not warrant federal habeas relief. *See Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002).

## III. CONCLUSION

Ms. Graham has not made a "substantial showing" that her constitutional rights were denied. 28 U.S.C. § 2253(c)(2). We therefore DENY her application

for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge