**Stephen ROBINSON, Plaintiff**

v.

**WARDEN, NORTHERN NH CORRECTION FACILITY, Defendant.**

Civil No. 09–233–P–S.

United States District Court, D. Maine.

July 7, 2009.

Stephen Robinson, Berlin, NH, pro se.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GEORGE Z. SINGAL, District Judge.

The United States Magistrate Judge filed with the Court on June 18, 2009, her Recommended Decision (Docket No. 5). Plaintiff filed his Objection to the Recommended Decision (Docket No. 6) on June 24, 2009.

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED.**

2. It is hereby **ORDERED** that Plaintiff's 28 U.S.C. § 2254 Petition (Docket No. 1) is **DISMISSED.**

3. It is hereby **ORDERED** that no certificate of appealability shall issue in the event a notice of appeal is filed because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2254(c)(2).

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

MARGARET J. KRAVCHUK, United States Magistrate Judge.

Stephen Robinson has filed a 28 U.S.C. § 2254 petition challenging the process he received apropos his extradition from Maine to New Hampshire as a consequence of probation violations pertaining to a New Hampshire conviction. I entered an order indicating that because of the way Robinson filed this action it was difficult to determine whether or not he intended to pursue a habeas corpus petition or a civil rights action. Robinson has responded to that order expressing his intent to proceed with a habeas petition on the claim he presented to the Maine Supreme Court reflected in his attachments. (*See* Doc. No. 4.) In this response Robinson also indicates that he is in the process of obtaining the necessary information from the correctional facility to complete his application to proceed *in forma pauperis.* I now provisionally grant Robinson *in forma pauperis* status.

Robinson did appeal the extradition determination to the Maine Law Court. I have read his lengthy brief to that tribunal in which he argues that the Maine law enforcement personnel and the Maine Superior Court did not follow the Interstate Commission for Adult Offender Supervision rules vis-à-vis his extradition. His theory is that these rules preempt Maine's "Uniform Criminal Extradition Act," *see* 15 M.R.S. § 201 et seq., which guided the Superior Court in his case. In denying Robinson a certificate of probable cause the Maine Law Court ruled:

The Court has reviewed the judgment entered in the Superior Court, and has fully considered the petition and its request for a certificate of probable cause, as well as the accompanying memorandum. The petitioner contends that the District Court erred or exceeded its discretion in failing to abide by the Interstate Compact for adult offender supervision, 34–A M.R.S. § 9888 (2008), and not allowing him to present evidence of the State's statutory and procedural violations, and ordering his extradition. Based on our review, we determine that no further hearing or other action is necessary for a fair disposition of this matter.

(Doc. No. 1–3 at 1.)

With respect to this court's 28 U.S.C. § 2254 review, Congress has provided:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States.*

28 U.S.C. § 2254(d)(1) (emphasis added). There is no United States Supreme Court case that even mentions the "Interstate Commission for Adult Offender Supervision" let alone discusses the Commission's rules in a manner that would open up the door to a § 2254(d)(1) analysis of Robinson's Article IV, Fourth, Eighth, and Fourteenth Amendment challenges to his extradition. *See Myers v. Davenport,* No. 2:06–cv–247, 2006 WL 2645202, 1–2 (S.D.Ohio Sept. 14, 2006).[1]

---

1. Robinson is not making a *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) challenge to his extradition and if he intended to do so he certainly did not present an argument to the Maine Law Court that the state court failed to properly under-

118

Accordingly I recommend that the petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because, on the face of the petition and the exhibits submitted by Robinson, he does not state a cognizable 28 U.S.C. § 2254(d) claim.

### Conclusion

For the reasons above I recommend that the Court summarily dismiss Robinson's 28 U.S.C. § 2254 petition. I further recommend that a certificate of appealability should not issue in the event Robinson files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 18, 2009.

take the four-facet analysis described therein. *See Burdick v. Maine Attorney General,* 244 F.Supp.2d 1, 2–5 (D.Me.2002).