**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELMART E.J.M. VREELAND, II,

      Petitioner - Appellant,

v.

DAVID ZUPAN, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 16-1013
(D.C. No. 1:14-CV-02175-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

Nearly eight years into a state prison term for various sex and drug crimes, Delmart Vreeland filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. Confident in his chances of having his conviction and sentence set aside, Mr. Vreeland also filed a motion for release on bail pending resolution of his habeas claims. As the district court recognized, however, a motion for release at this late stage required Mr. Vreeland to show not only "a clear case on the merits of the habeas petition," but also "exceptional

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

circumstances." *See Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers). Finding that Mr. Vreeland failed to meet the first of these requirements, the district court declined to proceed to the second and denied his motion for release on bail in an order issued before and separately from any consideration of the merits of his underlying habeas petition.

Mr. Vreeland now seeks to appeal the district court's bail ruling. But at least a couple potential jurisdictional questions immediately present themselves. For one, is an order denying bail pending a ruling on the merits of a habeas petition a final appealable decision under 28 U.S.C. § 1291? For another, must Mr. Vreeland obtain a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) in order to invoke our jurisdiction to consider an adverse bail ruling ancillary to an underlying § 2254 petition?

On the first question, room for debate may exist but we are persuaded that an order denying bail in habeas proceedings is "severable from the merits," determines the disputed question "conclusively," and (absent an interlocutory appeal) is "effectively unreviewable," so that it indeed constitutes a final collateral order sufficient to trigger our jurisdiction under § 1291. *Dotson v. Clark*, 900 F.2d 77, 78 (6th Cir. 1990); *see also Pagan v. United States*, 353 F.3d 1343, 1345 n.4 (11th Cir. 2003) (collecting cases).

On the second question, room for debate may exist too. In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court explained that the statutory COA requirement applies to final orders that "dispose of the merits of a habeas corpus proceeding." *Id.* at 183. And at least at first blush an order denying bail pending disposition of a habeas claim might appear not to qualify as that. At the same time, both sides before us seem to agree that a COA *is* necessary and neither discusses the Court's guidance in *Harbison*. But in the end the resolution of this second question doesn't turn out to matter much for Mr. Vreeland's appeal falters under either standard. Where *Pfaff* requires a petitioner to make a clear showing on the merits (plus extraordinary circumstances), to secure a COA a petitioner need only show that "reasonable jurists" would find the district court's determination "debatable." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And our independent review of both Mr. Vreeland's petition and the record reveals he cannot meet even the more forgiving COA standard — in fact, we would willingly adopt the district court's bail order as our own. *See United States v. Saro*, 252 F.3d 449, 452-53 (D.C. Cir. 2001).

Mr. Vreeland's request for a COA, his motion to supplement the appellate record, and his motion requesting that this court accept jurisdiction over

additional and otherwise unappealable orders are denied. This appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge