**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER MOSS,

Defendant - Appellant.

No. 26-3016
(D.C. Nos. 6:25-CV-01239-JWB &
6:20-CR-10038-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **PHILLIPS** and **CARSON**, Circuit Judges.
_____

Roger L. Moss, proceeding pro se, appeals the district court's denial of his

motion for release pending the district court's decision on the merits of his 28 U.S.C.

§ 2255 motion.  We affirm the district court's denial of the motion for release.

A jury convicted Moss of three counts of possession with intent to distribute

controlled substances—methamphetamine, heroin, and cocaine; one count of

possession of a firearm in relation to a drug trafficking crime; and one count of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm while an unlawful user of a controlled substance.  The district court sentenced him to 255 months' imprisonment and ordered him to forfeit $25,000 in drug proceeds.  Moss appealed.  We affirmed the jury's judgments of conviction, but vacated the forfeiture order. *See United States v. Moss*, No. 22-3101, 2024 WL 4541738, at *1 (10th Cir. Oct. 22, 2024).

Moss next filed a § 2255 motion in October 2025 raising sixteen grounds for relief.  In December 2025, he filed a motion for release pending the district court's resolution of his § 2255 motion.  The district court denied the motion for release.  Moss now appeals from that denial.

Moss argues that the district court's summary denial of his motion for release "does not comply with the dictates" of Federal Rule of Appellate Procedure 9(a), which he asserts applies to a post-conviction detention order by virtue of Rule 9(b).  Aplt. Br. at 3.  But we agree with the government that Rule 9 governs release in a criminal case, not release pending the court's consideration of a federal prisoner's motion for post-conviction relief.[1]

We recognize that Rule 9 does permit consideration of a motion for release after a judgment of conviction, *see* Fed. R. App. P. 9(b), but "[t]he court must make its decision regarding release in accordance with the applicable provisions in [the Bail Reform Act]," Fed. R. App. P. 9(c).  And the provision governing

---

[1] Rule 9 is titled "Release in a Criminal Case."  And Rule 9(a)(1) explains that "[t]he district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case."  Fed. R. App. P. 9(a)(1).

post-conviction release in that Act, 18 U.S.C. § 3143, speaks only to release pending sentencing, *see* § 3143(a), or release pending an appeal of a conviction or sentence, *see* § 3143(b). There is no mention of release pending review of a post-conviction motion. Courts have also held that "[t]he Bail Reform Act does not apply to federal prisoners seeking post[-]conviction relief." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citing cases). Because Rule 9 does not govern review of the denial of release pending consideration of a motion for post-conviction relief, the district court was not required to comply with Rule 9(a).

Release pending decision on a habeas petition is not based on "specific statutory authority," but "is within the inherent power of a federal district court." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). To obtain release pending a decision on a habeas petition, a prisoner must make "a showing of exceptional circumstances" or "demonstrat[e] a clear case on the merits of the habeas petition." *Id.*

Moss argued in his motion for release that he had a high probability of success on the merits of his first claim for relief in his § 2255 motion—ineffective assistance of trial counsel for abandoning an argument that his arrest was illegal. He contended that, but for counsel's abandonment of this claim about an illegal arrest, the evidence from the search of his condominium would have been suppressed. He asserted there was a high probability of success on the question of whether he should have been detained that entitled him to release pending consideration of his § 2255 motion.

3

Moss, however, did not explain in his motion for release how his allegedly illegal arrest would have resulted in the suppression of the evidence in his condominium.  As the government explains in its appeal brief, the search of Moss's residence was pursuant to a warrant.  And Moss previously litigated the validity of the search warrant—he moved to suppress the evidence obtained from the search, and the district court denied the motion.  Moss then argued on direct appeal that it was plain error for the court to deny his motion to suppress without holding a pre-trial hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), before ruling on the motion.  *See Moss*, 2024 WL 4541738, at *1.  We rejected his argument, concluding the district court did not err by denying Moss a *Franks* hearing because "the affidavit would still establish probable cause to search [Moss's] residence for evidence of drug dealing even if the affidavit contained the omitted matters about which he now complains." *Id.* at *3.

Moss has failed to show how his counsel's failure to raise a claim regarding his allegedly illegal arrest would have led to the suppression of the evidence obtained through the valid search warrant for his residence.  Because he did not demonstrate a clear case on the merits of this § 2255 claim or make a showing of exceptional circumstances, we affirm the district court's decision denying Moss's motion for release pending consideration of his § 2255 motion.

Entered for the Court

Per Curiam

4